**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30955

(Summary Calendar)
_____


WAYMAN GOODLEY,

                          Plaintiff-Appellant,

versus

JANET RENO, K HAWKS; KEITH HALL,
Warden; CHIEF TYLER; OFFICER
BORDELON,

                          Defendants-Appellees.


_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-1763)
_____

March 1, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Wayman Goodley appeals the district court's judgment
dismissing his civil rights action with prejudice.  We affirm.

                              I

     Goodley, an inmate at the Federal Correctional Institution in
Oakdale, Louisiana, sustained serious injuries when a fellow inmate
allegedly threw scalding water on him and stabbed him with a hand-
made knife.  The assigned prison guard was not present during the

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

assault.  Proceeding *pro se* and *in forma pauperis*, Goodley filed suit, alleging that prison officials violated his Eighth Amendment rights by failing to protect him.[1]  Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).  The magistrate judge recommended that Defendants' motion be granted.  In accordance with the magistrate's recommendation, the district court granted Defendants' motion to dismiss and entered judgment dismissing Goodley's action with prejudice.  Goodley filed a timely notice of appeal.

## II

Goodley argues that the district court erred in granting Defendants' motion to dismiss.  We review a district court's Rule 12(b)(6) dismissal *de novo*.  *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).  Dismissal under Rule 12(b)(6) is appropriate if the plaintiff fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Dismissal *with prejudice* under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Guerrero v. Hauck*, 502 F.2d 579, 580 (5th Cir. 1974).  Further, dismissal under Rule 12(b)(6) of the complaint of a *pro se* prisoner is appropriate only when the prisoner has been afforded adequate opportunity to

---

[1]     Although Goodley filed his complaint under 42 U.S.C. § 1983, he alleges civil rights violations by federal defendants.  We construe such an action as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971). *Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994).

develop his case to the point where any merit it may contain becomes apparent. *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, ___ U.S. ___, ___, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). However, a prisoner's Eighth Amendment rights are violated only if (1) an inmate is incarcerated under conditions posing a substantial risk of serious harm, and (2) prison officials have a sufficiently culpable state of mind to constitute deliberate indifference to the inmate's health or safety. *Id*. at ___, 114 S. Ct. at 1977. In accordance with this standard, allegations of mere negligence are insufficient to state a claim for violation of a prisoner's Eighth Amendment rights. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986).

Goodley alleges that prison officials breached their duty to protect him from his attacker. To substantiate his claim, Goodley argues that prison officials should have known of his attacker's alleged mental instability, and that prison officials failed to exercise due care in conducting regular and thorough inmate cell searches. Goodley's allegations sound only in negligence, and thus fail to allege that prison officials were acting with a sufficiently culpable state of mind to constitute deliberate indifference to his health or safety. Because Goodley fails to state a claim for violation of his Eighth Amendment rights, we hold that the district court did not err in granting Defendants' Rule

12(b)(6) motion to dismiss.

We hold further that the district court did not err in dismissing Goodley's complaint with prejudice. We find that Goodley has been afforded adequate opportunity to develop his case to the point where any merit it contains would have become apparent.[2] We also find that even if Goodley were given further opportunity to amend his complaint, he could prove no set of facts in support of his claim which would entitle him to relief.[3]

### III

For the foregoing reasons, we AFFIRM the judgment of the district court granting Defendants' motion to dismiss and dismissing Goodley's complaint with prejudice.

---

[2]    Although Goodley has not sought leave to amend his complaint, he supplemented his allegations in his response to Defendants' motion to dismiss.

[3]    Goodley also moves for appointed counsel on appeal. We are not required to appoint counsel for an indigent plaintiff presenting a civil rights complaint unless the case presents exceptional circumstances. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). We find that Goodley's case does not possess the requisite exceptional circumstances to warrant appointment of counsel. Therefore, Goodley's motion for appointed counsel is DENIED.